UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA MINSKY and ANDREW MINSKY,

    Plaintiffs,

v.    Case No. 2:23-cv-740-SPC-NPM

WRIGHT NATIONAL FLOOD INSURANCE COMPANY and FLORIDA PENINSULA INSURANCE COMPANY,

    Defendants.

## ORDER

Before the Court is Defendant Florida Peninsula Insurance Company ("Florida Pen")'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 22) and Plaintiffs' response (Doc. 26). Having considered the parties' submissions, the Court finds that the motion must be denied.

### BACKGROUND

Plaintiffs had a standard flood insurance policy with Defendant Wright National Flood Insurance Company from November 17, 2021, to November 17, 2022, on their Cape Coral, Florida home. (Doc. 1-1 at 1; Doc. 1 ¶ 8). They also had a homeowners' insurance policy including hurricane coverage with Florida Pen from May 23, 2022, to May 23, 2023, on the same property. (Doc. 1-2 at 1).

The Florida Pen policy warned in big, bold letters that it did not cover damage caused by a flood—even a flood caused by a hurricane—and that without separate flood insurance, the policyholders could be left with uncovered flood losses. (*Id*. at 5).

On September 28, 2022, Hurricane Ian hit Plaintiffs' home, resulting in property damage due to flooding and windstorm. (Doc. 1 ¶ 16). Plaintiffs allege that the Wright policy covers the flooding damage and the Florida Pen policy covers the windstorm damage. (*Id*.). Plaintiffs kept up with their premium payments, notified Defendants of the property damage, and afforded them opportunities for investigation, appraisal, and adjustment, but Defendants failed to pay everything due under the policies. (*Id*. ¶¶ 2–3, 13, 17–18). Accordingly, on September 15, 2023, Plaintiffs sued for breach of the insurance policies. (*Id*. ¶¶ 20–34). In the complaint, Plaintiffs base subject matter jurisdiction on 42 U.S.C. § 4053 and 28 U.S.C. § 1331 for the Wright claim and on 28 U.S.C. § 1367 for the Florida Pen claim. (Doc. 1 ¶¶ 4, 6).

## LEGAL STANDARDS

Where, as here, (*see* Doc. 22; Doc. 26 at 3), a defendant makes a facial, as opposed to factual, attack on subject matter jurisdiction, the district court generally considers only the complaint and the exhibits attached to it in determining whether jurisdiction exists. *Douglas v. United States*, 814 F.3d 1268, 1274 (11th Cir. 2016). And the district court accepts the complaint's well-

pleaded allegations as true. *Id.*

## DISCUSSION

Florida Pen contends that the claim against it is "wholly separate from and unrelated to" the claim against Wright so the district court cannot exercise supplemental jurisdiction. (Doc. 22 at 3, 12–13). Florida Pen further maintains that even if the district court could exercise supplemental jurisdiction, it should not because the unrelatedness of the claims is a compelling reason for declining jurisdiction and because the *Gibbs*[1] factors weigh in favor of declining jurisdiction. (*Id.* at 14–17). Plaintiffs respond that the Court has supplemental jurisdiction because the claims are so related that they form part of the same case or controversy. (Doc. 26 at 2–4).

The Court agrees with Plaintiffs. "[The] claims under the two policies are factually intertwined, as they both seek recovery for damages allegedly sustained as a result of" the same meteorological event, i.e., Hurricane Ian, "and similar conduct of the defendants." *See Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 806 (S.D. Tex. 2000). Federal courts have "original exclusive jurisdiction" over suits brought pursuant to policies, like the Wright policy, issued under the National Flood Insurance Program. 42 U.S.C. §§ 4053, 4072; *accord Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1349–52

---

[1] *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

(11th Cir. 2000). Because the Florida Pen claim "arise[s] out of the same nucleus of operative facts as" the Wright claim, "it is logical to try the[] claims together." *See Jamal*, 97 F. Supp. 2d at 806. Florida Pen is incorrect that the claims are so unrelated as to make a compelling reason for declining to exercise supplemental jurisdiction. (Doc. 22 at 14).

In fact, the claims are so related that "supplemental jurisdiction *must* be exercised" over the Florida Pen claim, "unless [28 U.S.C.] section 1367(b) or (c) applies." *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1569. Section 1367(b) does not apply because jurisdiction here is not "founded solely on" 28 U.S.C. § 1332. 28 U.S.C. § 1367(b). And section 1367(c) does not apply because Plaintiffs' run-of-the-mill breach-of-insurance-policy claims do not raise "a novel or complex issue of [s]tate law," the Florida Pen claim does not "substantially predominate[] over" the Wright claim, the Wright claim has not been dismissed, and Florida Pen fails to establish "exceptional circumstances" or "other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Thus, the Court must exercise its supplemental jurisdiction over the Florida Pen claim. *See Palmer*, 22 F.3d at 1569.[2]

---

[2] Because section 1367(c) does not apply, the Court need not consider the *Gibbs* factors of judicial economy, convenience, fairness, comity, and whether all the claims would be expected to be tried together. *Palmer*, 22 F.3d at 1569; *see Baggett v. First Nat'l Bank*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("*Where § 1367(c) applies*, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." (emphasis added)). In

Accordingly, it is

**ORDERED**

Defendant Florida Peninsula Insurance Company's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 22) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on February 23, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

---

any event, the *Gibbs* factors weigh in favor of exercising supplemental jurisdiction. *See Aldinger v. Howard*, 427 U.S. 1, 18 (1976) ("When the grant of jurisdiction to a federal court is exclusive, . . . the argument of judicial economy and convenience can be coupled with the additional argument that *only* in a federal court may all of the claims be tried together.").